**NOT FOR PUBLICATION** **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID L. HAWK, Plaintiff, | Civil Case No. 10-6140(FSH) |
| v. | **ORDER** |
| NEW JERSEY INSTITUTE OF TECHNOLOGY, et al., Defendants. | Date: June 14, 2011 |

**HOCHBERG, District Judge**

This matter comes before the Court upon Defendants' motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; to dismiss, stay or strike Plaintiff's unripe claims pursuant to Fed. R. Civ. P. 12(b)(1); to abstain under *Younger*; and to dismiss Plaintiff's alleged impertinent claims under Fed. R. Civ. P. 12(f); and the Court having received an opposition from Plaintiff; and the Court having considered the matter on the papers and without oral argument pursuant to Fed. R. Civ. P. 78; and

it appearing that pursuant to the *Younger* abstention doctrine,[1] district courts properly abstain from enjoining pending state proceedings when (1) there are pending or ongoing state

[1] Under *Younger*, district courts are required "to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances....The Supreme Court has since expanded the reach of this doctrine such that federal courts now must also abstain from enjoining, explicitly or implicitly, state civil proceedings that implicate important state interests." *Port Authority Police Benevolent Ass'n v. Port Authority of New York & New Jersey Police Dep't*, 973 F.2d 169, 173 (3d Cir. 1992) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

court proceedings that are judicial in nature, (2) there are important state interests at stake in the state court proceedings, and (3) the state court proceedings afford an adequate opportunity to raise any federal Constitutional issues;[2] and

it appearing that Plaintiff, a tenured faculty member of Defendant New Jersey Institute of Technology ("NJIT"), brings this action for constitutional tort and pursuant to 42 U.S.C. § 1983, challenging state administrative proceedings, specifically the due process provided to him during pretermination proceedings and NJIT's investigation and recommendation that he be removed from tenure;[3] and

it appearing that NJIT is in the process of providing Plaintiff a full hearing to determine whether Plaintiff should be removed from his tenured position at NJIT, as contemplated by N.J.S.A. 18A:3B-6;[4] and

---

[2] *Port Authority Police Benevolent Ass'n*, 973 F.2d at 173 ("Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.").

[3] NJIT has charged Plaintiff with violating the state conflict of interest laws and "engag[ing] in conduct unbecoming of and violating the standards of conduct required of an NJIT tenured professor, including misusing his former position as Dean to change grades, purchasing equipment that cannot now be accounted for, and manipulating NJIT's faculty search and tenure review process to reward persons with whom he had personal relationships." *See* Defendants' Brief in Support of Their Motion to Dismiss, pg. 1. Plaintiff was placed on paid administrative leave on August 28, 2009, pending an investigation into the matter. Plaintiff was suspended without pay on September 3, 2010.

[4] N.J.S.A. 18A:3B-6 provides, in relevant part:

> The governing board of each public institution of higher education shall have the following general powers and duties. . . :
>
> f. To have final authority to determine controversies and disputes concerning tenure, personnel matters of employees not classified under Title 11A of the New

it appearing that New Jersey law provides that any appeal of the final administrative decision of a governing board of a public institution of higher education is appealable to the Appellate Division of the New Jersey Superior Court; and

it appearing that there are, therefore, pending state proceedings that are judicial in nature addressing Plaintiff's claims regarding the due process provided to him during pretermination proceedings and NJIT's investigation and recommendation that he be removed from tenure; and

it appearing that the state has a colorable interest in permitting its institutions and courts to determine appropriate discipline for its employees, including removal from tenured employment; and

it appearing that Plaintiff has failed to allege any concrete reason why either the administrative proceedings or an appeal taken in state court would not permit him an adequate opportunity to raise any Constitutional concerns; and

---

> Jersey Statutes, and other issues arising under Title 18A of the New Jersey Statutes involving higher education except as otherwise provided herein. Any matter arising under this subsection may be assigned to an administrative law judge, an independent hearing officer or to a subcommittee of the governing board for hearing and initial decision by the board, except for tenure hearings under N.J.S.A. 18A:6-18. Any hearings conducted pursuant to this section shall conform to the requirements of the "Administrative Procedure Act," P.L. 1968, c. 410 (C.52:14B-1 et seq.). The final administrative decision of a governing board of a public institution of higher education is appealable to the Superior Court, Appellate Division.

On April 7, 2011, NJIT's Board of Trustees passed a resolution pursuant to N.J.S.A. 18A:3B-6 to initiate a hearing to determine whether Plaintiff should be removed from tenured employment at NJIT.

it appearing that the administrative proceedings and potential state court proceedings are not being undertaken in bad faith, nor will determination of Plaintiff's claim cause him irreparable harm;[5]

**IT IS**, on this 14th day of June, 2011,

---

[5] "Even where the three requirements for Younger abstention are met, abstention is inappropriate where the state court proceedings are being undertaken in bad faith to harass the federal plaintiffs....Abstention is also improper under 'extraordinary circumstances' such as where a challenged state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph' and federal abstention would cause 'irreparable injury.'" Port Authority Police Benevolent Ass'n, 973 F.2d at 176-77 (quoting Younger, 401 U.S. at 38).

Plaintiff seeks a preliminary injunction, *inter alia*, prohibiting NJIT from proceeding with any adjudication of his conduct and prompt restitution of all money due Plaintiff under his contract. The Supreme Court has stated that "a preliminary injunction is 'an extraordinary and drastic remedy'; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed. 1995)). The Third Circuit has held that to obtain a preliminary injunction, the moving party must demonstrate:

> (1) the reasonable probability of eventual success in the litigation and
> (2) that the movant will be irreparably injured pendent lite if relief is not granted. Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court 'should take into account, when they are relevant,
> (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and
> (4) the public interest.

Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). In the instant case, Plaintiff has not met his burden of showing either that he has a likelihood of success on the merits or that he will be irreparably harmed. *See Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974) ("We have held that an insufficiency of savings or difficulties in immediately obtaining other employment-external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself-will not support a finding of irreparable injury, however severely they may affect a particular individual."). Accordingly, Plaintiff's motion for a preliminary injunction is denied.

**ORDERED** that Defendants' motion to dismiss is **GRANTED**; and it is further

**ORDERED** that this action is dismissed in its entirety pursuant to the *Younger* doctrine; and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction is **DENIED**; and it is further

**ORDERED** that all other pending motions in this case are **DISMISSED AS MOOT**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.